Joshua Trigsted
Oregon State Bar ID Number 06531
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826  facsimile
jtrigsted@attorneysforconsumers.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## EUGENE DIVISION

| | |
|---|---|
| **JAMES & CATHERINE BROWN**, <br><br> Plaintiffs, <br><br> vs. <br><br> **PORTFOLIO RECOVERY ASSOCIATES,** <br><br> Defendant. | Case No.: 6:14-cv-349 <br><br> **COMPLAINT;** <br><br> FAIR DEBT COLLECTION PRACTICES ACT (15 USC § 1692a, *et seq.*); TELEPHONE CONSUMER PROTECTION ACT (47 USC § 227) <br><br> DEMAND FOR JURY TRIAL |

## I. INTRODUCTION

1.      This is an action for damages brought by a pair of consumers for Defendant's violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter "TCPA").

## II. JURISDICTION

2.      Plaintiff's claims for violations of the FDCPA and TCPA arise under 15 U.S.C. § 1692k(d), and 47 U.S.C. § 227, respectively, and therefore involves a "federal

question" pursuant to 28 U.S.C. § 1331.

## III.  PARTIES

3.      Plaintiffs, James Brown and Catherine Brown ("Plaintiffs"), are natural persons residing in Marion County, Oregon.

4.      Defendant, Portfolio Recovery Associates ("Defendant") is a corporation engaged in the business of collecting debts by use of the mails and telephone.  Defendant regularly attempts to collect debts alleged due another.

## IV.  FACTUAL ALLEGATIONS

5.      Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6.      Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7.      All activities of Defendant set out herein were undertaken in connection with the collection of a "debt," as defined by 15 U.S.C. § 1692a(5).

8.      On information and belief, all calls made to Plaintiffs' telephone by Defendant were made using an "automatic telephone dialing system," as that term is defined in 47 U.S.C. § 227(a)(1).

9.      Within the last year, Defendant took multiple actions in an attempt to collect a debt from Plaintiffs. Defendant's conduct violated the FDCPA and TCPA in multiple ways, including the following:

10.     Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff, including calling Plaintiff

Catherine Brown's cell phone after Plaintiffs explained that doing so is inconvenient for her and requested calls to that number to cease (§ 1692c(a)(1)).

11.    Within the last year, Defendant intentionally used an automatic telephone dialing system to place multiple calls to Plaintiff's cellular telephone without the prior express consent of Plaintiff.

12.    As a result of the aforementioned violations, Plaintiffs suffered and continue to suffer injuries to Plaintiff's' feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

13.    To the extent Defendant's actions, detailed above, were carried out by an employee of Defendant, that employee was acting within the scope of his or her employment.

## <u>COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT</u>

14.    Plaintiffs reincorporate by reference all of the preceding paragraphs.

15.    The preceding paragraphs state a *prima facie* case for Plaintiffs and against Defendant for violations of the FDCPA, § 1692d.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that judgment be entered against the Defendant for the following:

A.    Declaratory judgment that Defendant's conduct violated the FDCPA;

B.    Actual damages pursuant to 15 U.S.C. § 1692k;

C.    Statutory damages pursuant to 15 U.S.C. § 1692k;

D.    Costs, disbursements and reasonable attorney's fees for all successful claims, and any unsuccessful claims arising out of the same transaction or occurrence as the successful claims, pursuant to 15 U.S.C. § 1692k; and,

E.    For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT

15.    Plaintiffs reincorporate by reference all of the preceding paragraphs.

16.    The preceding paragraphs state a *prima facie* case for Plaintiffs and against Defendant for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that judgment be entered against the Defendant for the following:

A.    Declaratory judgment that Defendant's conduct violated the TCPA;

B.    Actual damages or $500 for each violation, whichever is greater, pursuant to 47 U.S.C. § 227(b)(3)(A)

C.    An award of three times the amount for which Defendant is found liable in paragraph "B," above, if it is found that Defendant willfully or knowingly violated 47 U.S.C. § 227(b).

D.    For such other and further relief as may be just and proper.

## PLAINTIFFS HEREBY REQUEST A TRIAL BY JURY

Dated this 28th day of February, 2014.


By:__s/Joshua Trigsted_____
Joshua Trigsted
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826 facsimile
Attorney for Plaintiff